**HADOUS|CO. PLLC**
Nemer N. Hadous, AZ #027529
1204 E. Baseline Road, Suite 102
Tempe, Arizona 85283
Phone: (602) 492-4432
Facsimile:  (888) 450-0687
nhadous@hadousco.com
Attorneys for Plaintiff Elena Noguero

**CHAMI LAW FIRM**
David A. Chami, AZ #027585
Attorneys for Plaintiff Elena Noguero

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elena Noguero, | No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.** |
| vs. | |
| Wells Fargo Bank, N.A; TransUnion LLC; Experian Information Solutions, Inc.; and Equifax Inc. | **JURY DEMAND** |
| | Honorable _____ |
| Defendants. | |

NOW COMES Plaintiff Elena Noguero ("Ms. Noguero"), by counsel, for her Complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), TransUnion, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian") and Equifax Inc. ("Equifax") (collectively, "Defendants") alleging as follows:

**JURISDICTION**

1. Ms. Noguero files this action for damages arising from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This Court has subject matter jurisdiction over Ms. Noguero's federal claims pursuant to 28 U.S.C. §§1331 and 1343 and 15 U.S.C. § 1681(p).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the unconstitutional, unlawful, and wrongful conduct alleged was committed in the District of Arizona, one or more of the Defendants reside in this district, and Mr. Brueggemeyer resides in this district.

**PARTIES**

4. Ms. Noguero incorporates paragraphs 1-3 as though fully set forth herein.

5. Ms. Noguero is an individual who resides in Maricopa County, Arizona

6. During all time pertinent to this Complaint, Defendant Wells Fargo Bank was authorized to conduct business in the State of Arizona and conducted business in Arizona on a routine and systematic basis. Defendant Wells Fargo Bank is a "furnisher of information" under 15 U.S.C. § 1681s-2(a) & (b).

7. Defendant TransUnion is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f).

8. Defendant, Experian is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f).

9. During all time pertinent to this Complaint, Defendants Equifax, TransUnion, and Experian regularly furnished consumer reports to third parties for monetary compensation, fees and other dues.

10. During all time pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**STATEMENT OF FACTS**

11. Ms. Noguero incorporates paragraphs 1-10 as though fully set forth herein.

12. On or about May 26, 2006, Wells Fargo, formerly known as World Savings Bank, FSB, entered into a loan agreement with Ms. Noguero $375,000.00 in exchange for monthly principal and interest payments and a Deed of Trust on her primary residence at 5266 West Muriel Drive, Glendale Arizona, 85308.

13. During October 2012, Ms. Noguero and Wells Fargo discussed a voluntary surrender of her residence in lieu of foreclosure proceeding (which are more costly and time-consuming from a lender's perspective and damaging to the borrower's credit).

14. On or about November 30, 2012, Ms. Noguero signed a Deed in Lieu Agreement ("Agreement") with Wells Fargo, agreeing to surrender her residence within 30 days. **Ms. Noguero agreed to these accelerated proceedings to avoid the negative consequences of a foreclosure on her credit report, including the restrictions on qualifying for financing in the future**.

15. Ms. Noguero signed the Agreement and executed the accompanying Warranty Deed conveying title to Wells Fargo. Ex. 1, Warranty Deed.[1] Wells Fargo subsequently took possession and title of the property without foreclosure proceedings. The Notice of Sale was cancelled. Ex. 2, Notice of Cancellation of Sale.[2]

16. Thereafter, Ms. Noguero learned Wells Fargo reported her account to three major credit bureaus, Defendants Equifax, TransUnion, and Experian, as "Foreclosed."

17. In November 2013, Ms. Noguero disputed Wells Fargo's inaccurate credit reporting with Defendants Equifax, TransUnion, and Experian.

18. Ms. Noguero advised these Defendants (many times) that her residence was surrendered by a Deed in Lieu Agreement, not through foreclosure. This is a matter of public record. *See* Maricopa County Recorder's Office (viewable on the internet).

19. Nonetheless, Defendants refused to accurately report the account, even though the information is **publicly** available and available through Ms. Noguero and Wells Fargo. Defendants repeated refusal to perform a reasonable (basic) investigation as required by the FCRA, is deliberate, willful, intentional, reckless, and negligent.

---

[1] Exhibit 1 is a matter of public record.

*See* http://recorder.maricopa.gov/recdocdata/GetRecDataDetail.aspx?rec=20130009218 (as it existed September 2, 2015).

[2] Exhibit 1 is a matter of public record.

See http://recorder.maricopa.gov/recdocdata/GetRecDataDetail.aspx?rec=20130171161 (as it existed September 2, 2015).

20. Consequently, Ms. Noguero suffers emotional distress and consequential damages, including credit impairment, and the inability to obtain financing for another residence. As a result of Defendants' conduct, Ms. Noguero's has inexplicably suffered a decreased credit score as a result of the negative entry appearing on Ms. Noguero's credit report, preventing her from being able to obtain a mortgage.

## COUNT ONE
**Wells Fargo; Equifax; TransUnion and Experian**
-Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.-

21. Ms. Noguero incorporates paragraphs 1-20 as though fully set forth herein.

22. Wells Fargo is a furnisher of information under the FCRA. Upon receipt of notice from a credit reporting agency that a consumer disputes information being reported by a furnisher of information, the FCRA requires furnishers to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

23. Ms. Noguero notified Defendants Experian, TransUnion, and Equifax that their reporting of the Wells Fargo account was inaccurate. Ms. Noguero provided copies of relevant documents (indisputable evidence). Nonetheless, all Defendants refused to take the corrective measures required by the FCRA.

24. Wells Fargo violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b), by the following conduct:

    (a) Refusal to conduct an investigation of Ms. Noguero's dispute when the information is readily available;

    (b) Refusal to review all relevant information concerning Ms. Noguero's account when this information is readily available; alternatively, failing to report the results of its review/investigation to the consumer reporting agencies;

    (c) Intentional failure to report the knowingly inaccurate status of Ms. Noguero's account information to the credit reporting agencies;

    (d) Intentional failure to properly participate, investigate and comply with reinvestigations conducted the credit reporting agencies regarding Ms. Noguero's dispute; and

    (e) Continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information regarding Ms. Noguero to the credit reporting agencies despite actual knowledge of these inaccuracies.

25. All Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing damages to Ms. Noguero. Consequently, Ms. Noguero suffers emotional distress and consequential damages, including credit impairment, and the inability to obtain financing for another residence. As a result of Defendants'

conduct, Ms. Noguero's suffers negative consequences to her credit score preventing her from securing financing for another residence. Defendants are further liable for statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681n.

## JURY DEMAND

Ms. Noguero hereby requests a trial by jury in this action.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Noguero respectfully seeks the following relief:

A. Actual damages, statutory damages, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Injunctive and/or declaratory relief as necessary;

C. Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o; and

D. Taxable expenses, and pre-judgment and post judgment interest as may be allowed by law; and

E. Such other and further relief as the Court may deem just, reasonable, and proper.

**RESPECTFULLY SUBMITTED** this 2nd day of September 2015.

**HADOUS|CO. PLLC**

By: /s/Nemer N. Hadous
Nemer N. Hadous, AZ #027529
Attorneys for Plaintiff Elena Noguero

# CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.  Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**RESPECTFULLY SUBMITTED** this 2nd day of September 2015.

**HADOUS|CO. PLLC**

By:  /s/Nemer N. Hadous
Nemer N. Hadous, AZ #027529
Attorneys for Plaintiff Elena Noguero